Edward G. Hamel (AZ SBN 036364)
**HAMEL LAW PLLC**
807 West Thomas Rd
Phoenix, Arizona 85013
Telephone:  518-593-3393
egh5996@gmail.com
*Attorneys for Defendant*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>          Plaintiff,<br><br>v.<br><br>Yousif Kakki,<br><br>          Defendant. | Case No.  **CR-25-00333-PHX-DJH**<br><br>**DEFENDANT'S SENTENCING MEMORANDUM** |

Defendant Yousif Kakki, through undersigned Counsel, respectfully requests this Court accept the plea agreement and impose the sentence recommend by the presentence report writer of 3 years of probation and an $1,100 fine.  Such a sentence would be "sufficient but not greater than necessary" to comply with the goals of the sentencing set forth in 18 USC § 3553(a).

### I.    Sentencing Considerations

Mr. Kakki pled guilty to a single court of Aiding and Abetting a Matierial Falese Statement During the Purchase of a Firearm, in violation of 18 U.S.C. §§ 922(a)(6), 924(a)(2) and 2, a class C felony offense. Under the terms of the plea agreement in this case, the Defendant's sentence shall not exceed the low end of the guideline range.  Nothing in the agreement precludes Mr. Kakki from moving for a downward departure, variance or sentence below the cap, or from the Court from imposing a sentence below the cap. Mr. Kakki respectfully moves this Court for such consideration. The Government recommend a sentence of 10 months incarceration followed by supervised release.

A sentence of probation would satisfy the requirement of 18 U.S.C. §3553(a) that the sentence be sufficient, but not greater than necessary in light of:

1

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established . . .;
(5) any pertinent [Sentencing Commission] policy statement . . .;
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

Mr. Kakki was a young man when the offense (and the related offenses) occurred. He is still a very young man, but has matured greatly over the course of this matter. Mr. Kakki notably does not have any addiction or mental health issues. He graduated from High School. He understands that he made terrible mistakes in the present matter as well as some of his prior behaviors.

As detailed in his pre-sentence interview report, Mr. Kakki grew up in a stable immigrant household; he has strong family support. Mr. Kakki lives with his parents while working fulltime. He is saving his money to eventually purchase his own house. He also is progressively advancing skill and assignments in the construction trades.

Mr. Kakki is extremely remorseful for his conduct and involvement in this matter. He failed live up to his own expectations and those of his family. Mr. Kakki has always been cooperative, respectful and remorseful throughout this matter. He has matured and (thankfully) he has learned a lot from this experience; he desires to follow the rules and to become a productive citizen.

**II.    Conclusion**

Mr. Kakki is before the Court as a significantly more mature and responsible person than prior to his arrest. He is an outstanding candidate for rehabilitation. He truly wants to

build a life for himself and have a meaningful role society.  Mr. Kakki respectfully request this Court accept the plea agreement and sentence him to probation with a fine, which will achieve the sentencing goals of a just punishment, specific and general deterrence, as well as promoting uniformity and avoiding unwarranted sentencing disparities.  Mr. Kakki will suffer severe and long term collateral consequences of being a convicted felon at such a young age.

Additionally, it is respectfully requested that if the Court is not inclined to sentence Mr. Kakki to straight probation, that the Court allow Mr. Kakki to self-surrender or consider home detention in lieu of incarceration at a BOP facility.

RESPECTFULLY SUBMITTED this 22nd day of April 2026.

**HAMEL LAW PLLC**

By:___*/s/ Edward G. Hamel*_____
      Edward G. Hamel
      *Attorney for Defendant*

3